## Borough of Petersburg *versus* Noss.

Under the Act of March 25th 1864, § 12, a borough whose authorities had paid no bounties to volunteers cannot levy a tax to pay bounties to veterans, although bounties have been paid to volunteers by the voluntary subscriptions of the citizens.

APPEAL from the decree of the Court of Common Pleas of *Perry county.* In Equity.

Samuel Noss and Nathan Vanfossen filed a bill against the council of the borough of Petersburg, to restrain them from levying a tax to pay bounties to nineteen veterans who had re-enlisted in Tennessee, and had been credited to the borough; the remainder of the borough's quota had been filled by volunteers who had received bounties from voluntary contributions of the citizens. The council answered that the tax was authorized by § 12 of the Act of March 25th 1864, viz.: " In case any veteran soldiers who have re-enlisted, and have not been credited to any special locality, shall hereafter be credited, on the present draft, to the locality from which they originally volunteered, such veterans shall be paid by the local authorities, whose duty is to pay bounties, such bounties as under the provisions of this act shall be paid to volunteers from said locality."

The court (Graham, P. J.) granted an injunction as prayed for, which was the error assigned.

*W. A. Sponsler* and *B. F. Junkin,* for the appellants.

The Reporter had no paper-book for appellees.

The opinion was delivered June 1st 1866.

PER CURIAM.—The 12th section of the Act of 25th March 1864, Pamph. L. 90, does not cover the case of the nineteen veterans credited to Petersburg on the 19th of August 1864. The law made their claim for bounties contingent on the payment of bounties to volunteers in the same district.

None ever having been authorized, levied or paid to volunteers, the provision for veterans never took effect. The decree of the court below is therefore affirmed.